**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

McLean Contracting Company,
            *Plaintiff-Appellee,*

v.                                          No. 01-1542

Waterman Steamship Corporation,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Tommy E. Miller, Magistrate Judge.
(CA-00-525-2)

Argued: December 4, 2001

Decided: January 14, 2002

Before WILKINSON, Chief Judge, and WILLIAMS and
GREGORY, Circuit Judges.

Affirmed by published opinion. Judge Williams wrote the opinion, in
which Chief Judge Wilkinson and Judge Gregory joined.

## COUNSEL

**ARGUED:** Carl David Gray, HUNTON & WILLIAMS, Norfolk,
Virginia, for Appellant. Edward James Powers, VANDEVENTER
BLACK, L.L.P., Norfolk, Virginia, for Appellee. **ON BRIEF:** Julia
E. Keller, HUNTON & WILLIAMS, Norfolk, Virginia, for Appel-
lant. Carter T. Gunn, VANDEVENTER BLACK, L.L.P., Norfolk,
Virginia, for Appellee.

**OPINION**

WILLIAMS, Circuit Judge:

McLean Contracting Company (McLean) filed this maritime claim against Waterman Steamship Corporation (Waterman) in the United States District Court for the Eastern District of Virginia, seeking damages arising from an allision between a barge, which was operated by Waterman, and the Newport River Railroad Bridge, which McLean was responsible for repairing. After a bench trial, the United States Magistrate Judge entered judgment in favor of McLean.[1] On appeal, Waterman argues that the magistrate judge improperly excluded evidence and applied an improper presumption of fault. For the reasons that follow, we affirm.

I.

During August 1998, McLean was engaged in replacing the Newport River Railroad Bridge in Morehead City, North Carolina. On August 22, 1998, the M/V SAM HOUSTON (the Sam Houston) arrived in Morehead City. The Sam Houston discharged a number of "LASH" barges, a type of barge used for the storage of cargo. One of the LASH barges discharged from the Sam Houston was the CG-5151, which was scheduled to be towed to South Carolina for ultimate unloading of its cargo. Waterman hired James River Towing Company to provide tug boats and labor to handle Waterman's barges while they were in Morehead City and hired Captain Robert M. Glander to oversee the securing of the barges in Morehead City.

Hurricane Bonnie swept through Morehead City during the early morning of August 27, 1998. During the hurricane, CG-5151 broke free from its moorings and allided with the Newport River Railroad Bridge. McLean repaired the damage resulting from the allision, incurring approximately $17,562.33 in out-of-pocket damages.

---

[1]The parties consented to have their case tried before a magistrate judge pursuant to 28 U.S.C.A. § 636(c)(1) (West 1993 & Supp. 2001).

## II.

On February 23, 2001, following a pretrial conference, the district court entered a final pretrial order, through which McLean and Waterman each identified the disputed issues for trial and proffered opposing factual contentions. A few days prior to trial, the parties submitted proposed findings of fact and conclusions of law to the magistrate judge. In Waterman's submission, it asserted for the first time that it could not be liable for the acts or omissions of James River Towing or Glander, in that each was a third-party contractor. McLean filed an objection and moved to exclude evidence relating to Waterman's third-party contractor defense, arguing that because Waterman did not identify this defense in the pretrial order, it was precluded from asserting the defense at trial. After hearing argument, the magistrate judge excluded evidence related to Waterman's third-party contractor defense. We review the magistrate judge's determination that the pretrial order barred Waterman's third-party contractor defense for abuse of discretion. *Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 12 (4th Cir. 1994) ("The control of the admission of evidence at trial is an issue firmly within the control of the district court, and we review its determinations only to be certain the court has not abused its discretion."); *Hodges v. United States*, 597 F.2d 1014, 1017 (5th Cir. 1979) ("[W]e ascribe to the trial court a broad discretion to preserve the integrity and purpose of the pretrial order. . . .").

Waterman contends that the district court's reliance on the pretrial order to exclude its third-party contractor defense was an abuse of discretion because it improperly placed the burden upon Waterman to disprove the agency relationships asserted by McLean. Waterman correctly notes that, as a matter of settled agency law, the burden to prove agency falls upon McLean once the issue is in dispute. *See* 3 Am. Jur.2d, *Agency* § 359, at 869 (2d ed. 1986) (stating that "[w]henever the existence of the relationship of principal and agent is in issue, the burden of proving the issue rests with the party who asserts . . . the existence of the relationship."). The burden of proof on issues that have been placed in dispute, however, is independent of the burden to identify disputed issues. *Cf. Gorlikowski v. Tolbert*, 52 F.3d 1439, 1442-44 (7th Cir. 1995) (upholding the district court's exclusion of a defense theory for failure to include it in the pretrial order, despite the fact that the plaintiff bore the burden of proof on

the issue). Requiring Waterman to point out that a dispute regarding agency exists does not impermissibly shift the burden of proof on the issue of agency; rather, it serves a legitimate interest of efficient judicial administration and allows the court and the parties to focus on the relevant issues for trial. *See* Fed. R. Civ. P. 16(c)(1) & notes to 1983 Amendment ("The reference in Rule 16(c)(1) . . . is intended to clarify and confirm the court's power to identify the litigable issues. It has been added in the hope of promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone."); *Huey v. UPS*, 165 F.3d 1084, 1085 (7th Cir. 1999) (holding that a local rule requiring the party to identify disputed issues of material fact or waive arguments related to those issues "contributes to the efficient management of judicial business"); *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997) (noting that "[t]he use of shotgun pleadings in civil cases is a ubiquitous problem," making it "particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues before trial" (internal quotation marks omitted)); *Lexington Ins. Co. v. Cooke's Seafood*, 835 F.2d 1364, 1368 (11th Cir. 1988) ("Given the vast number of details competing for the attention of a federal district judge, reducing all issues to writing before the pretrial conference substantially assists the trial court in its ability to understand the issues and to prepare for trial.").

The pretrial order and the pleadings made clear that McLean intended to impute liability to Waterman for the acts of James River Towing and Glander. Indeed, Waterman concedes that it was aware that agency was an "integral element of McLean's theory of liability against Waterman." (Reply Br. at 5.) In the pretrial order, Waterman stipulated that it was the "operator" of CG-5151. (J.A. at 14.) Further, the pretrial order provided Waterman the opportunity to list all of the triable issues, and Waterman listed the following: (1) whether McLean had standing; (2) whether McLean was entitled to recovery for economic loss absent physical damage to its property; (3) whether Hurricane Bonnie was an Act of God; and (4) whether Waterman acted reasonably to secure its barges. Notably absent from this list is any reference to Waterman's agency relationship, or lack thereof, with James River Towing or Glander. Moreover, no other aspect of the pretrial order implicates James River Towing or Glander as having been independently at fault for securing CG-5151. Viewing the

pretrial order in its entirety, we have little difficulty concluding that the magistrate judge did not err by determining that Waterman failed to identify agency as a disputed issue for trial.

Failure to identify a legal issue worthy of trial in the pretrial conference or pretrial order waives the party's right to have that issue tried. Fed. R. Civ. P. 16 notes to 1983 Amendment ("[C]ounsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue to the court, the right to have the issue tried is waived."); *Lexington Ins. Co.*, 835 F.2d at 1368 ("[I]t certainly was well within the trial court's authority to require that objections be made in writing and to hold the parties to this requirement when the issues were joined at trial."). Because Waterman failed to identify agency as a disputed issue for trial in the pretrial order after having been put on notice that McLean's theory of liability relied upon the existence of agency, the district court was well within its discretion in deeming Waterman's third-party contractor defense waived and thereby excluding evidence related to this defense.[2]

## III.

Waterman also argues that the magistrate judge erred by applying a presumption of fault that imputed to Waterman the fault of James River Towing and Glander. The parties agree that, under admiralty law, a moving vessel that allides with a stationary, visible object is presumed to be at fault.[3]  *See The Oregon*, 158 U.S. 186, 192-93 (1895); *Yarmouth Sea Prods. Ltd. v. Scully*, 131 F.3d 389, 393 (4th Cir. 1997) (restating this presumption of fault). Applying this presumption, the magistrate judge required Waterman to disprove that its barge and the third parties having custody of the barge were at fault

---

[2]As Waterman conceded at oral argument, it never sought to modify the pretrial order. Thus, we have no occasion to consider whether such a modification, if sought, would have been proper.

[3]This presumption does not apply if the defendant shows that the allision was caused by an "Act of God." The magistrate judge found that Waterman did not meet its burden of proving the "Act of God" defense sufficient to excuse application of the presumption, and Waterman does not appeal that finding.

in the allision. Finding that Waterman had not introduced any evidence indicating what caused the barge to drift away from the port, the magistrate judge concluded that Waterman had not met its burden of proof to disprove the presumption of fault.

Waterman correctly notes that the presumption of fault does not apply to an in personam action against a barge owner when the persons at fault are independent contractors and not agents of the barge owner. *Sturgis v. Boyer*, 65 U.S. (24 How.) 110, 123 (1861); *The Clarita*, 90 U.S. (23 Wall.) 1, 11 (1874); *Delta Transload, Inc. v. M.V. Navios Commander*, 818 F.2d 445, 451 (5th Cir. 1987); *The John D. Rockefeller*, 272 F. 67, 73 (4th Cir. 1921). As discussed above, however, the magistrate judge reasonably assumed that James River Towing and Glander were Waterman's agents, and liability can be imputed to a barge owner for the fault of his agents in an in personam action. *See Workman v. Mayor of New York*, 179 U.S. 552, 573 (1900) (holding that "[a] recovery can be had in personam . . . for a maritime tort when the relation existing between the owner and master and crew of the vessel, at the time of the negligent collision, was that of master and servant."). Accordingly, the magistrate judge properly applied the presumption of fault to impute liability against Waterman for the acts of James River Towing and Glander.

## IV.

Because the magistrate judge reasonably excluded Waterman's third-party contractor defense pursuant to the pretrial order and properly applied a presumption of negligence to Waterman for the acts of its agents, we affirm the magistrate's judgment in favor of McLean.

*AFFIRMED*