**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2224**

JOSEPH LEE CARAWAY,

Plaintiff - Appellant,

v.

CITY OF ELIZABETH CITY, NORTH CAROLINA; JAMIE LACOMBE; CATHY HEWITT,

Defendants - Appellees.

**No. 20-1294**

JOSEPH LEE CARAWAY,

Plaintiff - Appellant,

v.

CITY OF ELIZABETH CITY, NORTH CAROLINA; JAMIE LACOMBE; CATHY HEWITT,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. W. Earl Britt, Senior District Judge. (2:17-cv-00020-BR)

Submitted: April 19, 2021                    Decided: May 4, 2021

Before GREGORY, Chief Judge, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frederick H. Nelson, David J. Markese, AMERICAN LIBERTIES INSTITUTE, Orlando, Florida, for Appellant. Dan M. Hartzog, Jr., Katherine M. Barber-Jones, HARTZOG LAW GROUP LLP, Cary, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Lee Caraway filed a 42 U.S.C. § 1983 action against the City of Elizabeth City, North Carolina (the "City") and two members of its police force, Cathy Hewitt and Jamie LaCombe (collectively, "Defendants"), alleging violations of his First Amendment rights in connection with his arrest for amplified preaching during the 2016 North Carolina Potato Festival (the "Festival"). Caraway also raised facial challenges to § 91.03(E) of the City's Code of Ordinances (the "Ordinance") and the City's Special Event Policy (the "Policy") and as-applied challenges to the Policy. The district court granted summary judgment in favor of Defendants on Caraway's facial challenges and, during a jury trial on the remaining claims, granted judgment as a matter of law in favor of Defendants under Fed. R. Civ. P. 50(a). The court later granted attorney's fees in favor of Defendants with respect to Caraway's facial challenges, pursuant to 42 U.S.C. § 1988.

In these consolidated appeals, Caraway challenges the district court's Rule 50(a) ruling on his claims against Hewitt and Caraway and the grant of attorney's fees in favor of Defendants. Finding no reversible error, we affirm.

We review the district court's grant of a Rule 50(a) motion de novo. *Horne v. WTVR, LLC*, 893 F.3d 201, 210 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 823 (2019). Judgment as a matter of law is appropriate "only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Huskey v. Ethicon, Inc.*, 848 F.3d 151, 156 (4th Cir. 2017) (alteration and internal quotation marks omitted). In other words, the court may grant judgment as a matter

3

of law "only if the evidence is legally insufficient to support the jury's verdict." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017). "[W]e may not substitute our judgment for that of the jury or make credibility determinations" in evaluating a Rule 50 motion. *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996).

In relevant part, the district court concluded that Hewitt and LaCombe were entitled to qualified immunity, as a matter of law, on Caraway's as-applied First Amendment challenges. "Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Pegg v. Herrnberger*, 845 F.3d 112, 117 (4th Cir. 2017) (internal quotation marks omitted). The "qualified immunity analysis typically involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation." *Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015).

The parties agree that, in addressing the court's Rule 50(a) ruling, the dispositive issue is whether probable cause existed to arrest Caraway. "An officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal offense . . . in the officer's presence." N.C. Gen. Stat. § 15A-401(b)(1); *see Glenn-Robinson v. Acker*, 538 S.E.2d 601, 609-10 (N.C. Ct. App. 2000). "[P]robable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Cloaninger v. McDevitt*, 555 F.3d 324, 334 (4th Cir. 2009) (alteration and internal quotation marks omitted).

4

"Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "[F]or probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Durham v. Horner*, 690 F.3d 183, 190 (4th Cir. 2012) (internal quotation marks omitted).

We have thoroughly reviewed the trial record in view of these standards and conclude that the district court did not err in determining that probable cause existed, as a matter of law, to arrest Caraway for the North Carolina offense of resist, delay, or obstruct, a Class 2 misdemeanor. *See* N.C. Gen. Stat. § 14-223; *State v. Humphreys*, 853 S.E.2d 789, 795 (N.C. Ct. App. 2020). We are unpersuaded by Caraway's arguments that he did not resist, delay, or obstruct Hewitt in the exercise of her duties. *See State v. Cornell*, 729 S.E.2d 703, 706 (N.C. Ct. App. 2012); *Burton v. City of Durham*, 457 S.E.2d 329, 332 (N.C. Ct. App. 1995); *State v. Singletary*, 327 S.E.2d 11, 12-14 (N.C. Ct. App. 1985); *State v. Leigh*, 179 S.E.2d 708, 710-11 (N.C. 1971); *see also Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (discussing appropriate use of video evidence in analogous summary judgment context). We also readily conclude that a reasonable officer could have determined, based on the undisputed facts before Hewitt, that Caraway acted willfully. *See State v. Peters*, 804 S.E.2d 811, 816 (N.C. Ct. App. 2017) (defining willfulness); *see also State v. Crockett*, 767 S.E.2d 78, 85 (N.C. Ct. App. 2014) (observing that willfulness often must be inferred circumstantially). Finally, while "the offense presupposes lawful conduct of the officer in discharging or attempting to discharge a duty

of his office," *State v. Sinclair*, 663 S.E.2d 866, 870 (N.C. Ct. App. 2008), Caraway's challenges to the lawfulness of Hewitt's conduct is in equal parts forfeited, *see* Fed. R. Civ. P. 16(d), (e); *McLean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 480 (4th Cir. 2002) ("Failure to identify a legal issue worthy of trial in the pretrial conference or pretrial order waives the party's right to have the issue tried."); *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Our settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)), and refuted by the undisputed trial evidence.

Turning to Caraway's challenge to the attorney's fees award, we review for abuse of discretion the district court's decision to award attorney's fees to the prevailing defendants under 42 U.S.C. § 1988. *Unus v. Kane*, 565 F.3d 105, 116 (4th Cir. 2009). Pursuant to 42 U.S.C. § 1988(b), a district court "may allow the prevailing party [in a § 1983 action], other than the United States, a reasonable attorney's fee as part of the costs." A prevailing defendant in a civil rights suit is entitled to recover attorney's fees under § 1988 only if "the plaintiff's claim 'was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so.'" *Lotz Realty Co. v. U.S. Dep't of Housing & Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). Where "the plaintiff asserted both frivolous and non-frivolous claims," the court may award attorney's fees under § 1988 "only for costs that the defendant would not have incurred but for the frivolous claims." *Fox v. Vice*, 563 U.S. 826, 829 (2011).

6

District courts must be careful to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Unus*, 565 F.3d at 127 (internal quotation marks omitted). Instead, "awarding attorney['s] fees to a prevailing defendant is a conservative tool, to be used sparingly in those cases in which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable." *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012) (alteration and internal quotation marks omitted). "[A] decision whether attorney['s] fees should be awarded to a prevailing defendant under the *Christiansburg* standard is peculiarly within the province of the trial judge, who is on the scene and able to assess the oftentimes minute considerations which weigh in the initiation of a legal action." *EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 151 (4th Cir. 2014) (internal quotation marks omitted). We therefore "accord great deference to the district court's conclusion that the [plaintiff's] actions were unreasonable." *Id.*

Here, the district court appropriately concluded at summary judgment that Caraway lacked standing to raise a facial challenge the Ordinance and Policy—even under the relaxed standards for establishing standing applicable to facial challenges based on overbreadth. *See Am. Entertainers, LLC v. City of Rocky Mount*, 888 F.3d 707, 714 (4th Cir. 2018) (discussing overbreadth doctrine); *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 512 (4th Cir. 2002) (same). While standing is independent of the merits of a claim, *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 429 (4th Cir. 2007),

7

the court's standing analysis relied on conclusions that highlighted the lack of substantive foundation for Caraway's facial claims.

Ultimately, we have thoroughly reviewed the parties' arguments and find no error in the district court's conclusion that neither the Ordinance nor the Policy, on its face, colorably attempted to regulate or restrict speech, expression, or religion. While Caraway emphasizes the length of the district court's standing analysis, that threshold jurisdictional ruling, *see Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017), was complicated by the need to address the intricacies of First Amendment standing doctrines and apply those doctrines to claims that did not squarely fit within the traditional First Amendment rubric. We therefore conclude that Caraway's facial First Amendment challenges to the Policy and Ordinance were groundless and without foundation, and the district court acted within its broad discretion in awarding attorney's fees as to those claims.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*