(Slip Opinion) OCTOBER TERM, 2015 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## CRST VAN EXPEDITED, INC. *v.* EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 14–1375. Argued March 28, 2016—Decided May 19, 2016

Petitioner CRST, a trucking company using a system under which two employees share driving duties on a single truck, requires its drivers to graduate from the company's training program before becoming a certified driver. In 2005, new driver Monika Starke filed a charge with the Equal Employment Opportunity Commission (Commission), alleging that she was sexually harassed by two male trainers during the road-trip portion of her training. Following the procedures set out in Title VII of the Civil Rights Act of 1964, see 42 U. S. C. §2000e–5(b), the Commission informed CRST about the charge and investigated the allegation, ultimately informing CRST that it had found reasonable cause to believe that CRST subjected Starke and "a class of employees and prospective employees to sexual harassment" and offering to conciliate. In 2007, having determined that conciliation had failed, the Commission, in its own name, filed suit against CRST under §706 of Title VII. During discovery, the Commission identified over 250 allegedly aggrieved women. The District Court, however, dismissed all of the claims, including those on behalf of 67 women, which, the court found, were barred on the ground that the Commission had not adequately investigated or attempted to conciliate its claims on their behalf before filing suit. The District Court then dismissed the suit, held that CRST is a prevailing party, and invited CRST to apply for attorney's fees. CRST filed a motion for attorney's fees. The District Court awarded the company over $4 million in fees. The Eighth Circuit reversed the dismissal of only two claims—on behalf of Starke and one other employee—but that led it to vacate, without prejudice, the attorney's fees award. On remand, the Commission settled the claim on behalf of Starke and withdrew

the other.  CRST again sought attorney's fees, and the District Court
again awarded it more than $4 million, finding that CRST had pre-
vailed on the claims for over 150 of the allegedly aggrieved women,
including the 67 claims dismissed because of the Commission's fail-
ure to satisfy its presuit requirements.  The Eighth Circuit reversed
and remanded once more.  It held that a Title VII defendant can be a
"prevailing party" only by obtaining a "ruling on the merits," and that
the District Court's dismissal of the claims was not a ruling on the
merits.

*Held*: A favorable ruling on the merits is not a necessary predicate to
find that a defendant is a prevailing party.  Pp. 11–16.

   (a) Common sense undermines the notion that a defendant cannot
"prevail" unless the relevant disposition is on the merits.  A plaintiff
seeks a material alteration in the legal relationship between the par-
ties.  But a defendant seeks to prevent an alteration in the plaintiff's
favor, and that objective is fulfilled whenever the plaintiff's challenge
is rebuffed, irrespective of the precise reason for the court's decision,
*i.e.,* even if the court's final judgment rejects the plaintiff's claim for a
nonmerits reason.  There is no indication that Congress intended
that defendants should be eligible to recover attorney's fees only
when courts dispose of claims on the merits.  Title VII's fee-shifting
statute allows prevailing defendants to recover whenever the plain-
tiff's "claim was frivolous, unreasonable, or groundless." *Christians-
burg Garment Co.* v. *EEOC*, 434 U. S. 412, 422.  Congress thus must
have intended that a defendant could recover fees expended in frivo-
lous, unreasonable, or groundless litigation when the case is resolved
in the defendant's favor, whether on the merits or not.  *Christians-
burg* itself involved a defendant's request for attorney's fees in a case
where the District Court had rejected the plaintiff's claim for a non-
merits reason.  Various Courts of Appeals likewise have applied the
*Christiansburg* standard when claims were dismissed for nonmerits
reasons.  Pp. 11–14.

   (b) The Court declines to decide the argument, raised by the Com-
mission for the first time during the merits stage of this case, wheth-
er a defendant must obtain a preclusive judgment in order to prevail.
The Commission's failure to articulate its preclusion theory earlier
has resulted in inadequate briefing on the issue, and the parties dis-
pute whether the District Court's judgment was in fact preclusive.
The Commission also submits that the Court should affirm on the al-
ternative ground that, even if CRST is a prevailing party, the Com-
mission's position that it had satisfied its presuit obligations was not
frivolous, unreasonable, or groundless.  These matters are left for the
Eighth Circuit to consider in the first instance.  It is not this Court's
usual practice to adjudicate either legal or predicate factual questions

Syllabus

in the first instance, see *Adarand Constructors, Inc.* v. *Mineta*, 534 U. S. 103, 110, and that is the proper course here, given the extensive record in this case and the Commission's change of position between the certiorari and merits stages. Pp. 14–16.

774 F. 3d 1169, vacated and remanded.

KENNEDY, J., delivered the opinion for a unanimous Court. THOMAS, J., filed a concurring opinion.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 14–1375

_____

## CRST VAN EXPEDITED, INC., PETITIONER *v.* EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[May 19, 2016]

JUSTICE KENNEDY delivered the opinion of the Court.

This case involves the interpretation of a statutory provision allowing district courts to award attorney's fees to defendants in employment discrimination actions. Under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. §2000e *et seq.*, which prohibits discrimination in employment, a district court may award attorney's fees to "the prevailing party." §2000e–5(k). The Court of Appeals for the Eighth Circuit held that a Title VII defendant prevails only by obtaining a "ruling on the merits." 774 F. 3d 1169, 1179 (2014); *Marquart* v. *Lodge 837, Machinists and Aerospace Workers*, 26 F. 3d 842, 851–852 (1994). This Court disagrees with that conclusion. The Court now holds that a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed.

## I

Title VII of the Civil Rights Act of 1964 authorizes an award of attorney's fees in certain circumstances. The statute provides that

"[i]n any action or proceeding under this subchapter

> the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." §2000e–5(k).

Before deciding whether an award of attorney's fees is appropriate in a given case, then, a court must determine whether the party seeking fees has prevailed in the litigation. *Texas State Teachers Assn.* v. *Garland Independent School Dist.*, 489 U. S. 782, 789 (1989); *Hensley* v. *Eckerhart*, 461 U. S. 424, 433 (1983).

Congress has included the term "prevailing party" in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner. See *Buckhannon Board & Care Home, Inc.* v. *West Virginia Dept. of Health and Human Resources*, 532 U. S. 598, 602-603, and n. 4 (2001). The Court has said that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Assn.*, *supra*, at 792–793. This change must be marked by "judicial *imprimatur*." *Buckhannon*, 532 U. S., at 605. The Court has explained that, when a plaintiff secures an "enforceable judgmen[t] on the merits" or a "court-ordered consent decre[e]," that plaintiff is the prevailing party because he has received a "judicially sanctioned change in the legal relationship of the parties." *Id.,* at 604–605. The Court, however, has not set forth in detail how courts should determine whether a defendant has prevailed.

Although the Court has not articulated a precise test for when a defendant is a prevailing party, in the Title VII context it has addressed how defendants should be treated under the second part of the inquiry—whether the district

court should exercise its discretion to award fees to the prevailing party. When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's "claim was frivolous, unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 422 (1978); see also *id.,* at 421.

The Court of Appeals' determination of the first part of the fee-shifting inquiry—whether petitioner is a prevailing party—presents the central issue in this case. Before addressing this question, however, a discussion of the facts and complex procedural history is warranted.

## II

Petitioner CRST is a trucking company that employs a team driving system under which two employees share driving duties on a single truck. CRST requires its drivers to graduate from the company's training program before becoming a certified driver. Part of that training is a 28-day over-the-road trip with a veteran driver. In 2005, a new driver named Monika Starke filed a charge of discrimination with the Equal Employment Opportunity Commission (Commission) alleging that two male trainers sexually harassed her during her over-the-road training trip.

The Commission's receipt of a charge of an unlawful workplace practice starts Title VII's "detailed, multi-step procedure through which the Commission enforces the statute's prohibition on employment discrimination." *Mach Mining, LLC* v. *EEOC*, 575 U. S. \_\_\_, \_\_\_ (2015) (slip op., at 1). Under §706 of Title VII, the Commission first must inform the employer about the charge and the details of the allegations. 42 U. S. C. §2000e–5(b). The Commission next must investigate the allegation. *Ibid.* If the agency "determines after such investigation that there

is not reasonable cause to believe that the charge is true," it shall dismiss the charge and notify the parties. *Ibid.* At that point, the Commission is no longer involved, and the aggrieved individual may sue the employer in his or her own name. §2000e–5(f)(1). If, on the other hand, the Commission determines that there is reasonable cause to believe that a Title VII violation did occur, it "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." §2000e–5(b). Only if the agency's attempt at conciliation fails may it file a court action in its own name on behalf of the aggrieved person who brought the charge. §2000e–5(f)(1).

Following these procedures, the Commission notified CRST of Starke's charge and requested information regarding Starke's allegations. In response CRST denied any wrongdoing. During the investigation, the Commission discovered that four other women had filed formal charges against the company with the Commission. The Commission then sent CRST several followup requests. It asked if CRST had received other allegations of harassment, demanded contact information for any women who were instructed by the trainers Starke accused of harassment, and sought "detailed contact information for" CRST's dispatchers and female drivers. *EEOC* v. *CRST Van Expedited, Inc.*, 679 F. 3d 657, 667 (CA8 2012).

Over a year and a half after Starke filed her charge, the Commission sent CRST a letter of determination informing the company that the Commission had found reasonable cause to believe that CRST subjected Starke and "a class of employees and prospective employees to sexual harassment" and offering to conciliate. App. 811. Counsel for the Commission and for CRST discussed conciliation, but were unable to reach an agreement, and the Commission promptly notified the company that, in the agency's view, the conciliation efforts had failed.

In September 2007 the Commission, in its own name, filed suit against CRST under §706 of Title VII. It alleged that CRST subjected Starke and "[o]ther similarly situated . . . employees of CRST . . . to sexual harassment and a sexually hostile and offensive work environment" in violation of §§703(a) and 704(a) of Title VII, 42 U. S. C. §§2000e–2 and 2000e–3. App. 794–795. The Commission is allowed to "seek specific relief for a group of aggrieved individuals [under §706] without first obtaining class certification pursuant to" Federal Rule of Civil Procedure 23, because that rule "is not applicable to" a §706 enforcement action. *General Telephone Co. of Northwest* v. *EEOC*, 446 U. S. 318, 323, 333–334 (1980). The Commission sought to enjoin CRST from engaging in discriminatory employment practices and to obtain an order requiring CRST to take proactive steps to remedy and prevent sex-based discrimination in the workplace. The Commission also sought damages and costs.

During discovery, the Commission identified over 250 allegedly aggrieved women—far more than the Commission had forecast. CRST filed a motion for an order to show cause, alleging that the Commission "did not have a good-faith basis" for seeking relief on behalf of all the women. *EEOC* v. *CRST Van Expedited, Inc.*, 2009 WL 2524402, *10 (ND Iowa, Aug. 13, 2009). The District Court did not strike any allegedly aggrieved persons at that time, although it did note its concern "that CRST still might unfairly face a 'moving target' of prospective plaintiffs as discovery winds down and trial approaches." *Ibid.* (alteration and internal quotation marks omitted).

The District Court proceeded to dispose of the Commission's claims in a series of orders responsive to various motions filed by CRST. Section 707 of Title VII authorizes the Commission to bring a claim "that any person or group of persons is engaged in a pattern or practice" of illegal sex-based discrimination. See 42 U. S. C. §2000e–6. In

the early stage of this litigation the Commission "made clear to the [district] court and CRST that it believe[d] CRST had engaged in 'a pattern or practice' of tolerating sexual harassment." Order in No. 07–CV–95 (ND Iowa), Doc. 197, p. 25. CRST sought summary judgment on the Commission's perceived pattern-or-practice claim. The District Court granted the motion. The court explained that, although courts have allowed the Commission to use a pattern-or-practice theory when litigating a §706 claim, the Commission did not plead a violation of §707 or use the phrase "pattern or practice" in its complaint. *Id.,* at 24–25. Instead, the "[Commission's] Complaint reads as if the [Commission] were asserting a prototypical §706 action." *Ibid.* But, the court noted, CRST did not argue that the Commission failed to state a pattern-or-practice claim in the complaint; and the court presumed that CRST would not have sought summary judgment on a claim "it does not believe to exist." *Id.,* at 26. Because both parties accepted that the claim was live, "the court assume[d] without deciding that this is a sexual harassment pattern or practice case." *Ibid.* After reviewing the parties' arguments, the court held that the Commission had "not established a pattern or practice of tolerating sexual harassment" and dismissed with prejudice the assumed pattern-or-practice claim. *Id.,* at 67. The court, as a final matter, advised that "[n]othing in this opinion . . . should be construed as a final ruling on the individual claims of sexual harassment that the [Commission] presses in this action." *Ibid.*

Next, the District Court ruled in several orders that the Commission's claims on behalf of all but 67 of the women were barred on a variety of grounds. The court had previously dismissed claims on behalf of nearly 100 women as a discovery sanction due to the Commission's failure to produce the women for deposition. In rejecting the Commission's other claims, the court relied on (1) the expira-

tion of the statute of limitations; (2) judicial estoppel; (3) the employee's failure to report the alleged harassment in a timely fashion; (4) CRST's prompt and effective response to reports of harassment; and (5) the lack of severity or pervasiveness of the alleged harassment.

The District Court then barred the Commission from seeking relief for the remaining 67 women on the ground that the Commission had not satisfied its §706 presuit requirements before filing the lawsuit. The court concluded that the suit was "one of those exceptionally rare" cases where the Commission "wholly abandoned its statutory duties" to investigate and conciliate. *CRST Van Expedited, Inc.*, 2009 WL 2524402, at \*16. The court noted, however, that it "expresse[d] no view as to whether the [Commission's] investigation, determination and conciliation of Starke's Charge would be sufficient to support a pattern[-] or-practice lawsuit." *Ibid.,* n. 21. The District Court then dismissed the suit, held that CRST is a prevailing party, and invited CRST to apply for attorney's fees.

CRST filed a motion for attorney's fees. After describing how it disposed of the Commission's claims piece by piece, the District Court held that the Commission's failure to satisfy its presuit obligations for its claims on behalf of the final 67 women was "unreasonable," and that an award of attorney's fees was therefore appropriate. App. 140. The court awarded CRST over $4 million in attorney's fees. *Id.,* at 173–174.

The Commission appealed the District Court's order dismissing the claims on behalf of the 67 women that the District Court rejected for failure to satisfy Title VII's presuit requirements as well as the District Court's dismissal of some of the Commission's other claims. As relevant here, the Court of Appeals held that the District Court's dismissal of the 67 claims for a lack of investigation and conciliation was proper. The Commission, according to the Court of Appeals, "did not reasonably investi-

gate the class allegations of sexual harassment during a reasonable investigation of the charge," but rather used "discovery in the resulting lawsuit as a fishing expedition to uncover more violations." *CRST Van Expedited, Inc.*, 679 F. 3d, at 676 (internal quotation marks omitted). The Commission in fact "did not investigate the specific allegations of *any* of the 67 allegedly aggrieved persons . . . until *after* the Complaint was filed." *Ibid.* (internal quotation marks omitted).

The Court of Appeals affirmed the District Court's dismissal of almost all of the other claims on which the Commission had appealed, reversing only the claims on behalf of Starke and one other employee—Tillie Jones— for reasons not material to the question at issue here. Like the District Court before it, the Court of Appeals declined to comment on whether the presuit investigation and attempted conciliation would have been sufficient to support a pattern-or-practice claim. The Court of Appeals also vacated, without prejudice, the attorney's fees award. "In light of our reversals" of the District Court's summary-judgment orders with respect to Starke and Jones, the court reasoned, "CRST is no longer a 'prevailing' defend-ant because the [Commission] still asserts live claims against it." *Id.*, at 694–695. Judge Murphy dissented from the court's holding that the Commission had failed to satisfy its obligation to investigate and conciliate the final 67 claims, arguing that the Commission did not need to "complete its presuit duties for each individual alleged victim of discrimination when pursuing a class claim." *Id.,* at 695.

After the case was remanded, the Commission withdrew its claim on behalf of Jones and settled its claim on behalf of Starke. The Commission thus had no claims left. The company again moved for attorney's fees, and the District Court again awarded CRST more than $4 million in fees. The court first concluded "that this case contained multi-

ple and distinct claims for relief," thereby rejecting the Commission's contention that it had brought a single claim on which it had prevailed. 2013 WL 3984478, *9 (ND Iowa, Aug. 1, 2013). Noting that the defendant does not have to prevail on every claim in a suit to obtain attorney's fees, see *Fox* v. *Vice*, 563 U. S. 826 (2011), the court then determined the claims on which CRST had prevailed. Applying Circuit precedent requiring a ruling on the merits of a claim before a defendant can be considered a prevailing party, the court found that CRST did not prevail on the claims that were dismissed because of the Commission's failure to produce many of the allegedly aggrieved women for deposition. The court also found that CRST had not prevailed on the merits with respect to a handful of the Commission's other claims. The court found that CRST did prevail, however, on the Commission's pattern-or-practice claim and on the claims on behalf of over 150 of the allegedly aggrieved women, including the 67 claims dismissed because of the Commission's failure to satisfy its presuit requirements. The court held that its dismissal of those 67 claims was a ruling on the merits because the Commission's obligation to investigate and conciliate "is not a jurisdictional prerequisite; rather, it is an ingredient of the [Commission's] claim." 2013 WL 3984478, at *10. The court further concluded that an award of attorney's fees was appropriate because the Commission's failure to investigate and conciliate those 67 claims was unreasonable, as were the pattern-or-practice claim and the other claims on which it prevailed.

The Commission appealed, and the Court of Appeals again reversed and remanded. The Court of Appeals first agreed with the District Court that the Commission brought many individual claims, not just a single claim. The Court of Appeals disagreed, however, with the District Court's conclusion that CRST could recover attorney's fees for the pattern-or-practice claim. The Commission did not

allege a pattern-or-practice claim in its complaint, the Court of Appeals noted, and the District Court had "merely *assumed without deciding* that the [Commission] brought a pattern-or-practice claim." 774 F. 3d, at 1179. The Court of Appeals concluded that the District Court erred by awarding fees "based on a purported" claim. *Ibid.*

The Court of Appeals, bound by its own precedent in *Marquart*, then held that before a defendant can be deemed to have prevailed and to be eligible for fees there must have been a favorable "'judicial determination . . . on the merits.'" 774 F. 3d, at 1179 (quoting *Marquart*, 26 F. 3d, at 852). A merits-based disposition is necessary, the court reasoned, because "'[p]roof that a plaintiff's case is frivolous, unreasonable, or groundless is not possible without a judicial determination of the plaintiff's case on the merits.'" 774 F. 3d, at 1179 (quoting *Marquart*, *supra*, at 852). A case has not been decided on the merits, according to the Court of Appeals, if the defendant secured a "dismissal for lack of subject matter jurisdiction, on res judicata grounds, . . . on statute-of-limitations grounds," or for something similar. 774 F. 3d, at 1179. The Court of Appeals distinguished "claim elements," on the one hand, from "jurisdictional prerequisites or nonjurisdictional prerequisites to filing suit," on the other. *Id.*, at 1180. As relevant here, the court held that because Title VII's presuit requirements are not elements of a Title VII claim, the dismissal of the claims regarding the 67 women on the ground that the Commission failed to investigate or conciliate was not a ruling on the merits, and CRST did not prevail on those claims. *Id.,* at 1181. As a result, the court concluded, CRST was "not entitled to an award of attorneys' fees on such claims." *Ibid.* The Court of Appeals also criticized the District Court for "mak[ing] a universal finding that all of the [Commission's] claims were without foundation," instead of laying out "particularized findings . . . as to each individual claim upon which

it granted summary judgment on the merits to CRST." *Id.,* at 1183. Such findings are necessary, the court reasoned, to avoid providing the defendant with "'compensation for any fees that he would have paid in the absence of the frivolous claims.'" *Ibid.* (quoting *Fox, supra,* at 841). In particular, the court found it "problematic" that the District Court's blanket finding included "(1) the purported pattern-or-practice claim and (2) the claims dismissed for the [Commission's] failure to satisfy its presuit obligations." 774 F. 3d, at 1183. The District Court was ordered to undertake a proper, particularized inquiry on remand.

By precluding the defendant from recovering attorney's fees when the claims in question have been dismissed because the Commission failed to satisfy its presuit obligations, the decision of the Court of Appeals conflicts with the decisions of three other Courts of Appeals. See *EEOC* v. *Propak Logistics, Inc.,* 746 F. 3d 145, 152–154 (CA4 2014); *EEOC* v. *Asplundh Tree Expert Co.,* 340 F. 3d 1256, 1261 (CA11 2003); *EEOC* v. *Pierce Packing Co.,* 669 F. 2d 605, 608–609 (CA9 1982). This Court granted certiorari. 577 U. S. \_\_\_ (2015).

### III
### A

The Court of Appeals held that CRST did not prevail on the claims brought on behalf of 67 women because the District Court's disposition of these claims for failure to investigate and conciliate was not a ruling on the merits. In this Court the Commission now takes the position that the court erred by applying an on-the-merits requirement. Brief for Respondent 29 ("[A]sking whether a judgment is 'on the merits' in some abstract sense risks confusion"); Tr. of Oral Arg. 30 ("We have abandoned the Eighth Circuit's view that you need a disposition on the merits"). This Court agrees and now holds that a defendant need not obtain a favorable judgment on the merits in order to be a

"prevailing party."

Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits. Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

There is no indication that Congress intended that defendants should be eligible to recover attorney's fees only when courts dispose of claims on the merits. The congressional policy regarding the exercise of district court discretion in the ultimate decision whether to award fees does not distinguish between merits-based and non-merits-based judgments. Rather, as the Court explained in *Christiansburg Garment Co.* v. *EEOC*, one purpose of the fee-shifting provision is "to deter the bringing of lawsuits without foundation." 434 U. S., at 420 (internal quotation marks omitted); see also *Fox*, 563 U. S., at 836 (noting, in the context of 42 U. S. C. §1988's closely related provision, that Congress wanted "to relieve defendants of the burdens associated with fending off frivolous litigation"). The Court, therefore, has interpreted the statute to allow prevailing defendants to recover whenever the plaintiff's "claim was frivolous, unreasonable, or groundless." *Christiansburg*, *supra,* at 422. It would make little sense if Congress' policy of "sparing defendants from the costs of *frivolous* litigation," *Fox*, *supra,* at 840, depended on the distinction between merits-based and non-merits-based

frivolity.  Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not.  Imposing an on-the-merits requirement for a defendant to obtain prevailing party status would undermine that congressional policy by blocking a whole category of defendants for whom Congress wished to make fee awards available.

*Christiansburg* itself involved a defendant's request for attorney's fees in a case where the District Court had rejected the plaintiff's claim for a nonmerits reason.  That case involved a claim under Title VII, as originally enacted, which did not give the Commission the authority to sue in its own name on behalf of an aggrieved person.  Rosa Helm had filed a charge of discrimination against Christiansburg Garment Co. with the Commission in 1968.  A few years later, the Commission determined that its conciliation efforts had failed and told Helm of her right to sue Christiansburg, which she did not exercise.  Then in 1972, Congress amended Title VII to allow the Commission to sue in its own name on behalf of an aggrieved person, including where the employee's charge was "pending with the Commission" when the amendments took effect.  Equal Employment Opportunity Act of 1972, §14, 86 Stat. 103.  The Commission sued Christiansburg based on Helm's charge, but the District Court granted summary judgment to the defendant on the ground that the charge was not pending on the amendments' effective date. *EEOC* v. *Christiansburg Garment Co.*, 376 F. Supp. 1067, 1073–1074 (WD Va. 1974).  This Court was asked "what standard should inform a district court's discretion in deciding whether to award attorney's fees to a successful defendant in a Title VII action." *Christiansburg*, 434 U. S., at 417 (emphasis deleted).  If a ruling on the merits were necessary for the defendant to prevail and be eligible for attorney's fees, the lack of a ruling on the merits would

have been dispositive to this Court's analysis. But the Court said nothing to suggest that the fact that the ruling was not on the merits ended the inquiry. Its reasoning was to the contrary. This Court noted with approval that the District Court had applied the correct standard and found that the "Commission's statutory interpretation of §14 of the 1972 amendments was not frivolous." *Id.*, at 424 (internal quotation marks omitted).

Various Courts of Appeals likewise have applied the *Christiansburg* standard when claims were dismissed for nonmerits reasons. A plaintiff's claim may be frivolous, unreasonable, or groundless if the claim is barred by state sovereign immunity, *C. W.* v. *Capistrano Unified School Dist.*, 784 F. 3d 1237, 1247–1248 (CA9 2015), or is moot, *Propak Logistics,* 746 F. 3d, at 152. See also Brief for Petitioner 33–34 (collecting Courts of Appeals cases in which the defendant received attorney's fees and the District Court's judgment was not on the merits). In cases like these, significant attorney time and expenditure may have gone into contesting the claim. Congress could not have intended to bar defendants from obtaining attorney's fees in these cases on the basis that, although the litigation was resolved in their favor, they were nonetheless not prevailing parties. Neither the text of the fee-shifting statute nor the policy which underpins it counsels in favor of adopting the Court of Appeals' on-the-merits requirement.

## B

Having abandoned its defense of the Court of Appeals' reasoning, the Commission now urges this Court to hold that a defendant must obtain a preclusive judgment in order to prevail. The Court declines to decide this issue, however. The Commission changed its argument between the certiorari and merits stages. As a result, the Commission may have forfeited the preclusion argument by not

raising it earlier. The Commission's failure to articulate its preclusion theory before the eleventh hour has resulted in inadequate briefing on the issue. The Commission and CRST dispute, moreover, whether the District Court's judgment was in fact preclusive. Compare Brief for Respondent 38–45 with Reply Brief 8–13. The Court leaves these legal and factual issues for the Court of Appeals to consider in the first instance.

The Commission submits the Court should affirm on the alternative ground that, even if CRST is a prevailing party, the Commission's position that it had satisfied its presuit obligations was not frivolous, unreasonable, or groundless. The Commission acknowledges that the Court of Appeals has not decided this issue, but nevertheless invokes the Court's authority to affirm "on any ground properly raised below." *Washington* v. *Confederated Bands and Tribes of Yakima Nation*, 439 U. S. 463, 476, n. 20 (1979); see Brief for Respondent 49-50. In light of this case's intricate procedural history, see *supra,* at 3–11, this is not an appropriate case to reach and settle this fact-sensitive issue.

It has been over 10 years since Starke first filed her charge and close to 9 years since the Commission filed its complaint. The dispute over the award of attorney's fees has continued over much of that period and is still unresolved. When it appeared the litigation was coming to a close in the District Court, the trial judge considered this a case in which attorney's fees should be assessed against the Commission. The Court of Appeals then made the rulings it considered proper in response, and there were further proceedings in the trial court and once again on appeal. Against this background of protracted and expensive litigation on the fee issue, the Court is aware of the need to resolve the outstanding issues without unnecessary delay. As the Court has noted in earlier cases, "the determination of fees 'should not result in a second major

litigation.'"  *Fox*, 563 U. S., at 838 (quoting *Hensley*, 461 U. S., at 437).

It is not prudent, however, for the Court to attempt to resolve all the pending issues under the circumstances here.  It is not the Court's usual practice to adjudicate either legal or predicate factual questions in the first instance.  See *Adarand Constructors, Inc.* v. *Mineta*, 534 U. S. 103, 110 (2001) (*per curiam*) (noting "that this is a court of final review and not first view" (internal quotation marks omitted)).  That precept is applicable here, especially in light of the extensive record in the case and the Commission's change in its position.  This Court is confident that the Court of Appeals, and, if necessary, the District Court, will resolve the case by taking any proper steps to expedite its resolution in a manner consistent with their own procedures and their responsibilities in other pending cases.

The judgment of the Court of Appeals is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 14–1375

_____

## CRST VAN EXPEDITED, INC., PETITIONER *v.* EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[May 19, 2016]

JUSTICE THOMAS, concurring.

Under Title VII of the Civil Rights Act of 1964, a district court may award attorney's fees to "the prevailing party." 42 U. S. C. §2000e–5(k). In *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412 (1978), this Court concluded that a prevailing plaintiff "ordinarily is to be awarded attorney's fees in all but special circumstances," but a prevailing defendant is to be awarded fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.,* at 417, 421. That holding "mistakenly cast aside the statutory language" in interpreting the phrase "prevailing party." *Fogerty* v. *Fantasy, Inc.*, 510 U. S. 517, 538 (1994) (THOMAS, J., concurring in judgment) (internal quotation marks omitted). In this case, the Court of Appeals compounded *Christiansburg*'s error by requiring a district court to make yet another finding before a Title VII defendant may be considered a "prevailing party": The defendant must also obtain a "ruling on the merits." 774 F. 3d 1169, 1181 (2014). Today, the Court correctly vacates that ruling and holds that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *Ante*, at 1. I therefore join the Court's opinion in full. Nevertheless, I continue to adhere to my view that *Christiansburg* is a "dubious precedent" that I will "decline to extend" any further. *Fogerty*, *supra*, at 539 (opinion of THOMAS, J.).