**Richard MEGNA, Plaintiff**

**v.**

**BIOCOMP LABORATORIES INC. and Blanche D. Grube, DMD, IMD, Defendants.**

16 Civ. 3845 (VM)

United States District Court, S.D. New York.

Signed December 21, 2016

Craig B. Sanders, Sanders Law, PLLC, Garden City, NY, for Plaintiff.

Nolan Keith Klein, Law Offices of Nolan Klein, P.A., Fort Lauderdale, FL, Valerie K. Ferrier, Kossoff & Unger, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Defendants Biocomp Laboratories, Inc. ("Biocomp") and Blanche Grube ("Grube") (collectively, "Defendants") seek recovery of attorney's fees from plaintiff Richard Megna ("Megna") after the court for a second time dismissed Megna's copyright claims against Defendants. ("October Decision," Dkt. No. 30). Megna originally brought a copyright infringement action against Biocomp and Grube on May 23, 2016, alleging violations of the Copyright Act, 17 U.S.C. Section 501 ("Copyright Act"). The Court dismissed the complaint for lack of personal jurisdiction with leave for Megna to file an amended complaint within thirty days to address the jurisdictional deficiencies. Instead of amending his complaint, Megna filed a Motion to Transfer Venue to the District of Colorado. ("Motion to Transfer," Dkt. No. 18.) Megna stated in the Motion to Transfer that he "remained confident" that this Court could assert personal jurisdiction over Biocomp; however, the basis for personal jurisdiction in this Court over Grube was "not as clear." (Dkt. No. 18.) The Court denied the

Motion to Transfer, dismissed the complaint, and closed the case. (Dkt. No. 25.)

On October 25, Defendants moved for attorney's fees. ("Motion," Dkt. No. 27, at 2.) Defendants allege that: (1) the dismissal for lack of personal jurisdiction made Defendants the "prevailing parties" in the litigation; (2) Megna's request that Grube be dismissed from the action was a tacit admission to the "baselessness" of the complaint; and (3) Megna provided no justification for transferring the case to Colorado. Id.

Megna filed an opposition ("Opposition," Dkt. No. 29, at 2), arguing that: (1) while 17 U.S.C. Section 505 permits the award of attorney's fees to a prevailing party, Defendants' success on a "technical" issue does not qualify them as "prevailing parties" entitled to attorney's fees; and (2) Megna's claims were not "objectively unreasonable." Id.

Defendants filed a reply ("Reply," Dkt. No. 33, at 2), arguing that a recent Supreme Court decision, CRST Van Expedited, Inc. v. E.E.O.C., —— U.S. ——, 136 S.Ct. 1642, 194 L.Ed.2d 707 (2016), extended the definition of "prevailing parties" to include parties who prevailed on non-merits issues, and reiterates that Megna's claims were objectively unreasonable. Id.

For the reasons discussed below, Defendants' Motion is GRANTED.

## I. DISCUSSION

### A. LEGAL STANDARD

■ " [A] court may ... award a reasonable attorney's fee to the prevailing party as part of [the party's] costs." 17 U.S.C. Section 505. An award of attorney's fees is granted if prevailing defendants are able to demonstrate that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not necessarily brought in subjective bad faith. See Carter v. Incorporated Village of Ocean Beach, 759 F.3d 159, 163 (2d Cir. 2014) (citing Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). An award of attorney's fees is a matter of court discretion. Matthew Bender & Co. v. West Publ'g. Co., 240 F.3d 116, 121 (2d Cir. 2001).

### B. APPLICATION

#### 1. Prevailing Parties

■ "Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner." CRST Van Expedited, Inc., 136 S.Ct. at 1646. A party is the prevailing party in the litigation if there is a "judicially sanctioned change in the legal relationship of the parties" favoring it, including an "enforceable judgmen[t] on the merits" or a "court-ordered consent decre[e]." Id. at 1646. The prevailing party is one who "succeeds on a significant issue in the litigation." Warner Bros., Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d. Cir. 1989).

■ Success on "purely technical or de minimis" claims does not make one a "prevailing party." Id. at 1126 (citing Texas State Teachers Ass'n v. Garland Independent School District, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). However, procedural determinations by a court, as well as substantive determinations or dispositions on the merits, are sufficient to deem a defendant a prevailing party. "The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." CRST Van Expedited, 136 S.Ct. at 1651–1652.

■ Sufficient "nonmerits" reasons include state sovereign immunity or mootness, among others, which demonstrate a "judicially sanctioned change in the legal relationship of the parties." Id. at 1646. A

dismissal for lack of personal jurisdiction, like a dismissal on mootness or state sovereign immunity grounds, is a procedural determination that closes the court to the nonmoving party, like Megna here. In light of CRST Van Expedited, the Court is persuaded that Biocomp and Grube are "prevailing parties" in this litigation.

2. Frivolous, Unreasonable, or Without Foundation

 Under the Copyright Act, a court may issue attorney's fees using its equitable discretion. See Matthew Bender, 240 F.3d at 121. In considering motions for attorney's fees, courts consider "frivolousness, motivation, objective unreasonableness ... and the need in particular circumstances to advance considerations of compensation and deterrence." Id. The objective unreasonableness of the party's conduct is particularly probative. See id. ; see also Cohen v. Versatile Studios, Inc., No. 13 Civ. 8280, 2014 WL 1584055, at *4 (S.D.N.Y. April 4, 2014).

 The Court is persuaded that Megna's conduct was objectively unreasonable. Instead of initially filing in Colorado, Megna filed in the Southern District of New York. This Court dismissed Megna's complaint for lack of personal jurisdiction, and gave him 30 days to amend his complaint to address this issue. Megna did not attempt to address these deficiencies but instead filed a Motion to Transfer to Colorado. Megna provided no reason, nor alleged any facts, to justify the Motion to Transfer. (See Dkt. No. 30, at 5.) Megna conceded that he could not establish New York jurisdiction over Grube, and made no argument to support jurisdiction in Colorado. (See Dkt. No. 18, at 1.) The Court subsequently denied the Motion to Transfer, dismissed the complaint, and closed the case. (See Dkt. No. 30, at 5.) This conduct, along with Megna's concession as to the lack of New York jurisdiction over

Grube, establishes that the case was "unreasonable" from the beginning. (See Dkt. No. 33, at 2.)

An award of attorney's fees to Defendants is necessary to deter Plaintiff's from filing false claims. See Matthew Bender & Co., 240 F.3d 116, 121 (2d Cir. 2001). An order requiring Megna to pay attorney's fees after unreasonably extending the duration of the litigation, while aware that New York did not have jurisdiction over Grube, is compatible with these policies. Defendants' motion for attorney's fees is therefore GRANTED. For the reasons stated above, it is hereby ORDERED that the motion of defendants Biocomp Laboratories, Inc. and Blanche Grube, for attorney's fees is GRANTED.

## II. ORDER

For the reasons stated above it is hereby

**ORDERED** that the motion of defendants Biocomp Laboratories, Inc. and Blanche Grube, for attorney's fees is GRANTED.