**Matthew August LEFANDE, Appellant**

v.

**Carolyn Anne MISCHE-HOEGES, Appellee**

**No. 16-7135
Consolidated with 17-7001
September Term, 2017**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: February 1, 2018

Horace Lee Bradshaw, Jr., Esquire, Attorney, Law Office of Horace L. Bradshaw, Jr., Washington, DC, for Plaintiff-Appellant

Bernard Joseph DiMuro, Esquire, Jonathan Richard Mook, Esquire, Stephen Lybrook Neal, Jr., Esquire, DiMuroGinsberg, PC, Alexandria, VA, for Defendant-Appellee

Before: Rogers and Tatel, Circuit Judges, and Edwards, Senior Circuit Judge.

## JUDGMENT

These consolidated appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is hereby

**ORDERED AND ADJUDGED** that the decision of the district court be affirmed in part, and reversed and remanded in part.

In 2010, Carolyn Mische-Hoeges, a police officer, reported Matthew LeFande, with whom she had been in a relationship, for stalking. He was ultimately arrested. LeFande sued Mische-Hoeges in the district court, bringing claims under section 1983 and state law, alleging that she abused her state authority to procure his arrest. In 2011, the district court granted from the bench Mische-Hoeges' Rule 12(b)(6) motion to dismiss LeFande's section 1983 claims, finding that he failed to plausibly allege that she acted under color of state law. Transcript of Proceedings at 6, *LeFande v. Mische-Hoeges*, No. 1:10-cv-1857 (D.D.C. Oct. 20, 2011), ECF No. 27. In late 2016—yes, five years later—the district court entered an order dismissing LeFande's section 1983 claims and declining to exercise supplemental jurisdiction over his state-law claims. Order, *LeFande v. Mische-Hoeges*, No. 1:10-cv-1857 (D.D.C. Oct. 20, 2016), ECF No. 34. The district court later denied Mische-Hoeges' request for fees and sanctions because it "didn't reach the merits" and so could not decide "[w]hether or not the claims have merit" for the purpose of awarding fees or sanctions, Transcript of Proceedings at 6, *LeFande v. Mische-Hoeges*, No. 1:10-cv-1857 (D.D.C. Dec. 6, 2016), ECF No. 37, and because it "did not address the merits of [LeFande's] state-law claims, which are inextricably intertwined with his federal claims," Order at 3, *LeFande v. Mische-Hoeges*, No. 1:10-cv-1857 (D.D.C. Dec. 9, 2016), ECF No. 38. LeFande appeals the dismissal of his section 1983 claims; Mische-Hoeges appeals the denial of fees and sanctions.

We affirm the district court's dismissal of LeFande's section 1983 claims. Considering the issue *de novo*, *see DuBerry v. District of Columbia*, 824 F.3d 1046, 1051 (D.C. Cir. 2016), we conclude that LeFande failed to plausibly allege that Mische-Hoeges "exercised power 'possessed by virtue of state law and made possible only because [she was] clothed with the authority of state law,'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). Though she reported LeFande to the police precinct where she worked, Mische-Hoeges did not direct an officer to take her report, author the official report, or apply for the arrest warrant. As a stalking complainant, she was an "officer[ ] [acting] in the ambit of [her] personal pursuits" and thus "plainly excluded" from section 1983 liability. *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

We reverse and remand, however, with respect to the denial of fees and sanctions because the district court's statement of the law was twice wrong. *See* 42 U.S.C. § 1988; 28 U.S.C. § 1927; Fed. R. Civ. P. 11(c). The district court was wrong in assuming that it was unable to award fees because it had not addressed the merits of LeFande's section 1983 claims in granting the motion to dismiss. The court *did* assess the merits when it dismissed the claims for failure to plausibly allege the color-of-law element. *See Agudas Chasidei Chabad of United States v. Russian Federation*, 528 F.3d 934, 956 n.3 (D.C. Cir. 2008) (Henderson, J., concurring in the judgment) (describing a Rule 12(b)(6) dismissal as being "on the merits"). In any event, "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, —— U.S. ——, 136 S.Ct. 1642, 1646, 194 L.Ed.2d 707 (2016). "[A] defendant [can] recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not." *Id.* at 1652.

The district court was also wrong in assuming that it was required to assess the merits of LeFande's state-law claims before it could award fees to Mische-Hoeges. This is not the law. *See Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). As the Court noted in *Fox*, "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." *Id.* at 834, 131 S.Ct. 2205.

Absent any lawful basis for affirming the district court's decision regarding fees and sanctions, we reverse and remand. The disposition in this case is long overdue. On remand, we hope that the district court will issue a timely decision that adheres to established law.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.