**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2062
_____

ANNETTE SUTTON,
individually and o/b/s E.S.,

Appellant

v.

PLAINFIELD BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-20-cv-08495)
District Judge: Honorable John M. Vazquez
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
April 9, 2024
_____

Before: CHAGARES, *Chief Judge*, PORTER and SCIRICA,
*Circuit Judges*.

(Filed: April 10, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**PORTER**, *Circuit Judge*.

Annette Sutton appeals the District Court's order denying her request for attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i). Because Sutton does not qualify as a "prevailing party" within the meaning of that provision, we will affirm.

I

Sutton is the mother of E.S., a child with disabilities who is covered under the Individuals with Disabilities Education Act[1] ("IDEA") and entitled to special education services. E.S. attended Cresthaven Academy Charter School ("Cresthaven"), a public charter school within the Plainfield Board of Education's ("the Board's") school district. Near the start of the 2019-2020 academic year, Cresthaven issued an Individualized Education Plan ("IEP") calling for E.S. to be placed at Calais School, a private out-of-district school. The Board contested that placement and filed a due process petition against Cresthaven and Sutton in New Jersey's Office of Administrative Law.[2] The parties were unable to reach a written settlement. However, to Sutton's and Cresthaven's surprise, the Board informed the Administrative Law Judge ("ALJ") during a status conference that it would voluntarily withdraw the petition with prejudice. The next day, the Board filed a letter doing so, but it did not give any reason for its decision. The ALJ issued no order related to the letter.

---

[1] 20 U.S.C. § 1400 *et seq.*

[2] In 2018, the Board also filed a due process petition against Sutton and Cresthaven contesting Cresthaven's IEP for E.S. for the 2017-2018 academic year. The parties entered into a written settlement agreement and the Board withdrew that petition without prejudice. No issue on appeal turns on that earlier dispute.

In July 2020, Sutton sued the Board in federal court under IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(i), seeking attorneys' fees as it relates to the Board's due process petition. The District Court granted the Board's motion for summary judgment, finding that Sutton was not a "prevailing party" and thus was not entitled to attorneys' fees. Sutton appealed.

II[3]

20 U.S.C. § 1415(i)(3)(B)(i) provides that the District Court, "in its discretion, may award reasonable attorneys' fees" to any "parent of a child with a disability" who was a "prevailing party" in a prior dispute under IDEA. Sutton argues that she is a "prevailing party" because the Board voluntarily withdrew its due process petition with prejudice.

To qualify as a "prevailing party" under § 1415(i)(3)(B)(i), a party must (1) obtain some "material alteration of the legal relationship of the parties," and (2) receive "the necessary judicial *imprimatur* on the change"—that is, a change that is judicially sanctioned. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604–05 (2001) (internal quotation marks and quoted source omitted); *see also M.R.*, 868 F.3d at 224. For example, "enforceable judgments on the merits" and "settlement agreements enforced through a consent decree" give rise to prevailing-party

---

[3] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(3)(A). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review because "the [D]istrict [C]ourt based its denial on legal conclusions" and "determined, as a threshold matter, that [Sutton] [was] not [a] 'prevailing part[y].'" *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 223 (3d Cir. 2017).

status, while a party's "voluntary change in conduct" without judicially sanctioned relief does not. *Buckhannon*, 532 U.S. at 604–05; *see also Raab v. City of Ocean City*, 833 F.3d 286, 293 (3d Cir. 2016). The party seeking attorneys' fees bears the burden of "point[ing] to [the] resolution of the dispute" that satisfies both elements. *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

Assuming the Board's voluntary withdrawal of its due process petition with prejudice constitutes a "material alteration of the legal relationship of the parties," Sutton fails to show that she received any judicial imprimatur on that change. *Buckhannon*, 532 U.S. at 604 (internal quotation marks and quoted source omitted). Judicial imprimatur requires some judicial action. *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) ("[T]he change in the parties' legal relationship must be the product of judicial action."); *see also P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 853 (3d Cir. 2006) (explaining that an out-of-court settlement receives judicial imprimatur when, in part, a court labels it as an "order" and signs it). But Sutton does not allege that the ALJ took action on the Board's letter voluntarily withdrawing its petition. That is fatal to her claim. *See, e.g.*, *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 559–60 (3d Cir. 2003) (concluding that the plaintiff was not a "prevailing party" because, after the parties entered into a written settlement and the plaintiff voluntarily dismissed his case with prejudice, "no court . . . endorsed the agreement with a 'judicial imprimatur'").

According to Sutton, she qualifies as a "prevailing party" because the Board's voluntary withdrawal could be enforceable on res judicata grounds by some future court.

But any judgment, written settlement, or other "material alteration of the legal relationship between the parties" *itself* must be judicially sanctioned. *See Singer*, 650 F.3d at 228 ("[T]he change in the parties' legal relationship must be the product of judicial action."); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) ("This change *must be* marked by judicial *imprimatur*.") (internal quotation marks and quoted source omitted) (emphasis added); *M.R.*, 868 F.3d at 224 ("[A] party must obtain a material alteration . . . that *is* judicially sanctioned.") (internal quotation marks and quoted source omitted) (emphasis added). It is not sufficient that some hypothetical court in the future could mark that change with judicial imprimatur. *See John T.*, 318 F.3d at 551, 560 (finding that the out-of-court settlement lacked judicial imprimatur after neither the Pennsylvania administrative agency nor the district court endorsed it).[4] And here, the ALJ never placed any judicial imprimatur on the Board's voluntary withdrawal of its due process petition.

---

[4] Sutton argues that our decision in *Raab v. City of Ocean City*, 833 F.3d 286, 293 (3d Cir. 2016), counsels otherwise. According to Sutton, *Raab* provides that the material alteration of the parties' legal relationship need only be "*enforceable*"—that is, capable of being enforced by a court in the future. Appellant's Br. at 10 (emphasis added) (quoting *Raab*, 833 F.3d at 293). But Sutton misconstrues our holding in *Raab*, which merely confirms the prevailing rule. In *Raab*, we held that a written settlement agreement had judicial imprimatur because the District Court in that case—rather than some hypothetical court in the future—explicitly incorporated the terms of the settlement agreement into its dismissal order and retained jurisdiction to enforce the agreement. *See Raab*, 833 F.3d at 294.

\*   \*   \*

Sutton does not qualify as a "prevailing party" under 20 U.S.C. § 1415(i)(3)(B)(i). We will therefore affirm the District Court's order granting the Board's motion for summary judgment and dismissing the case with prejudice.