**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12868

Non-Argument Calendar

_____

FANE LOZMAN,

*Plaintiff-Appellant,*

*versus*

CITY OF RIVIERA BEACH, FLORIDA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80118-DMM

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and BRASHER,
Circuit Judges.

PER CURIAM:

Fane Lozman appeals an order awarding costs to the City of
Riviera Beach, Florida. He argues that, because the district court

dismissed this action without prejudice for lack of ripeness, the City failed to obtain a preclusive judgment and was not a prevailing party entitled to costs under Federal Rule of Civil Procedure 54(d). We affirm.

In an earlier appeal, we vacated and remanded with instructions to dismiss Lozman's complaint without prejudice for lack of subject-matter jurisdiction. *See Lozman v. City of Riviera Beach*, 119 F.4th 913 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 2751 (2025). On remand, the City filed a bill of costs for $17,349.61 for deposition costs, copies and transcripts of depositions, service of subpoenas, and copies of hearings and proceedings. Lozman objected that the City was not a prevailing party under Rule 54(d) because the district court dismissed without prejudice for lack of subject-matter jurisdiction. The district court awarded the City $17,349.61.

Two standards govern our review. "We review the factual findings underlying the district court's prevailing party determination for clear error." *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1297 (11th Cir. 2021). We review *de novo* "[w]hether the facts as found . . . render the plaintiff a 'prevailing party.'" *Id.* (citation and internal quotation marks omitted).

A prevailing party is entitled to costs, excluding attorney's fees, unless a statute, rule, or court order provides otherwise. FED. R. CIV. P. 54(d)(1). "[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016). The reasoning

is straightforward: a defendant prevails the moment a claim is "rebuffed"—regardless of whether the judgment rests on a "nonmerits reason"—because the defendant has prevented a "material alteration" of the legal relationship. *Id.*

The City is a prevailing party entitled to costs because it "rebuffed" Lozman's complaint through a dismissal. *See* Fed. R. Civ. P. 54(d); *CRST Van Expedited*, 578 U.S. at 431. Although Lozman argues a judgment on the merits was required before the district court could award costs to the City, a defendant prevails whenever it prevents a "material alteration" of the legal relationship, regardless of whether the district court reaches the merits of a plaintiff's complaint. *See CRST Van Expedited*, 578 U.S. at 431. Because the dismissal prevented a material alteration in the legal relationship between Lozman and the City, the City was entitled to an award of costs. *See id.*

We **AFFIRM** the order awarding costs to the City.