# United States Court of Appeals for the Federal Circuit

---

**B.E. TECHNOLOGY, L.L.C.,**
*Plaintiff-Appellant*

v.

**FACEBOOK, INC.,**
*Defendant-Appellee*

---

2018-2356

---

Appeal from the United States District Court for the Western District of Tennessee in No. 2:12-cv-02769-JPM-tmp, Chief Judge Jon P. McCalla.

---

Decided: October 9, 2019

---

DANIEL J. WEINBERG, Freitas & Weinberg LLP, Redwood Shores, CA, argued for plaintiff-appellant. Also represented by KAYLA ANN ODOM.

EMILY E. TERRELL, Cooley LLP, Washington, DC, argued for defendant-appellee. Also represented by HEIDI LYN KEEFE, Palo Alto, CA; ORION ARMON, Broomfield, CO.

---

Before LOURIE, PLAGER, and O'MALLEY, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* LOURIE.

Concurring opinion filed by *Circuit Judge* PLAGER.

LOURIE, *Circuit Judge.*

B.E. Technology, L.L.C. ("B.E.") appeals from a decision of the United States District Court for the Western District of Tennessee affirming the Clerk's Order finding Facebook, Inc. ("Facebook") to be the prevailing party in their lawsuit and taxing $4,424.00 in costs against B.E. *B.E. Tech., LLC v. Facebook, Inc.*, No. 2:12-cv-2769-JPM-TMP, 2018 WL 3825226, at *1 (W.D. Tenn. Aug. 10, 2018) ("*Decision*"). For the reasons detailed below, we affirm.

BACKGROUND

On September 7, 2012, B.E. filed suit in the Western District of Tennessee accusing Facebook of infringing claims 11, 12, 13, 15, 18, and 20 of its U.S. Patent 6,628,314 ("the '314 patent"). Approximately a year into the case, Facebook and two other parties B.E. had also accused of infringement, Microsoft and Google, filed multiple petitions for *inter partes* review of the asserted claims. The district court stayed its proceedings in this case pending the outcome of the Board's review. *B.E. Tech., LLC v. Amazon Digital Servs., Inc.*, No. 2:12-cv-2767-JPM-TMP, 2013 WL 12158571, at *1 (W.D. Tenn. Dec. 6, 2013).

The Board instituted review of the '314 patent and held the claims unpatentable in three final written decisions. *See Google, Inc. v. B.E. Tech., LLC*, Nos. IPR2014-00038, IPR2014-00699, 2015 WL 1735099, at *1 (P.T.A.B. Mar. 31, 2015); *Microsoft Corp. v. B.E. Tech., LLC*, Nos. IPR2014-00039, IPR2014-00738, 2015 WL 1735100, at *1 (P.T.A.B. Mar. 31, 2015) ("*Microsoft Decision*"); *Facebook, Inc. v. B.E. Tech., LLC*, Nos. IPR2014-00052, IPR2014-00053, IPR2014-00698, IPR2014-00743, IPR2014-00744, 2015 WL 1735098, at *2 (P.T.A.B. Mar. 31, 2015). B.E. appealed, and we affirmed the *Microsoft Decision*, dismissing the remaining appeals as moot. *B.E. Tech., LLC v. Google, Inc.*, Nos. 2015-1827,

2015-1828, 2015-1829, 2015-1879, 2016 WL 6803057, at \*1 (Fed. Cir. Nov. 17, 2016).

Facebook then moved in the district court for judgment on the pleadings under Fed. R. Civ. P. 12(c), seeking a dismissal with prejudice and costs under Rule 54(d).  B.E. agreed that dismissal was appropriate but argued that the claims should be dismissed for mootness, rather than with prejudice.  The district court ultimately agreed with B.E., issuing an Order holding that, "[i]n light of the cancellation of claims 11–22 of the '314 patent, B.E. no longer ha[d] a basis for the instant lawsuit" and that its patent infringement "claims [were] moot."  J.A. 37.  As for costs, the court initially declined to award Facebook costs because the request was lodged before entry of judgment.  J.A. 39.

Facebook renewed its motion for costs after judgment was entered, and this time the district court awarded costs under Rule 54(d).  The Clerk of Court held a hearing on the motion and ultimately taxed $4,424.20 in costs against B.E.  B.E. sought review by the court, and the court affirmed.  In its decision, the court relied on *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016), to hold that, although the case was dismissed for mootness, Facebook "obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship."  *Decision*, 2018 WL 3825226, at \*2.  The court thus held Facebook to be the prevailing party in B.E.'s lawsuit and affirmed the Clerk's order.

B.E. timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a).

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the *prevailing party*."  Fed. R. Civ. P. 54(d)(1) (emphasis added).  The district court determined here that

Facebook was the prevailing party, and we review the court's interpretation of the term "prevailing party" *de novo*, *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006), and apply Federal Circuit law, *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). We interpret the term consistently between different fee-shifting statutes, *CRST*, 136 S. Ct. at 1646, and between Rule 54(d) and 35 U.S.C. § 285, *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1307 n.3 (Fed. Cir. 2018) ("We have treated the prevailing party issue under Rule 54 and § 285 in a similar fashion."); *see Manildra Mill*, 76 F.3d at 1182 ("By establishing a single definition of prevailing party in the context of patent litigation, we promote uniformity in the outcome of patent trials.").

The parties' dispute centers entirely around the definition of "prevailing party." B.E. argues that, because the case was dismissed as moot based on the Board's decision, which we affirmed, Facebook did not "prevail" in the district court. According to B.E., once the asserted claims were cancelled, the district court action lacked a live case or controversy, and the court's dismissal lacked the requisite judicial *imprimatur* to render Facebook the prevailing party. Appellant's Br. 11 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001)).

Facebook responds that the district court properly determined that it was the prevailing party because it successfully "rebuffed B.E.'s claims." Appellee's Br. 7 (citing *CRST*, 136 S. Ct. at 1651). According to Facebook, the court's dismissal of the case, albeit not on the merits, provided the required judicial *imprimatur*. *Id.* at 15.

We agree with Facebook that it is the prevailing party. In making that determination, we look to the Supreme Court's guidance on the interpretation of that term. In *Buckhannon*, the issue concerned whether a party has prevailed when it "failed to secure a judgment on the merits or

a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600. Several circuits had recognized a "catalyst" theory, where a party could prevail without judicially sanctioned change in the legal relationship of the parties, provided that the litigation brought about the desired result through a voluntary change in the defendant's conduct. *Id.* at 601–02. In rejecting this theory, the Court established that some manner of judicial relief is required for a party to prevail. *Id.* at 605. A defendant's voluntary change in conduct, even if it "accomplish[es] what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* Thus, the Court stated, a "plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief" would not be a prevailing party. *Id.* at 606. A decision with judicial *imprimatur* is required to give rise to prevailing party status.

Almost fifteen years later, in *CRST*, the Court considered whether a defendant could be declared the prevailing party absent a judgment on the merits. 136 S. Ct. 1642, 1651. The issue there presented itself in the context of Title VII of the Civil Rights Act of 1964, which provides that a court may allow the "prevailing party" a "reasonable attorney's fee." *Id.* at 1646 (quoting 42 U.S.C. § 2000e–5(k)). CRST had obtained a dismissal of all of the claims against it, including 67 claims that were dismissed for failure to meet presuit obligations. The district court held that CRST was the prevailing party, but the Eighth Circuit vacated its decision, holding that, for CRST to be eligible for fees, there must have been a favorable judicial decision on the merits. The Eighth Circuit also commented that a case has not been decided on the merits if it was dismissed for lack of subject matter jurisdiction, on res judicata grounds, or based on the statute of limitations.

The Court disagreed, holding that a merits decision is not a prerequisite to a finding of prevailing party status. The Court explained that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* Instead, it held that a "defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision," and that a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.*

In so holding, the Court noted that one purpose of the fee-shifting provision is to deter the bringing of lawsuits without foundation. It recognized that various courts had awarded fees after nonmerits dispositions where a claim was "frivolous, unreasonable, or groundless if the claim is barred by state sovereign immunity, or is moot." *CRST*, 136 S. Ct. at 1652–53 (internal citations omitted). And the Court commented that awarding fees in these frivolous cases made good sense. In such cases, "significant attorney time and expenditure may have gone into contesting the claim," and "Congress could not have intended to bar defendants from obtaining attorney's fees in these cases on the basis that, although the litigation was resolved in their favor, they were nonetheless not prevailing parties." *Id.* at 1653. Accordingly, a defendant can be deemed a prevailing party even if the case is dismissed on procedural grounds rather than on the merits.

We have applied *CRST* in interpreting the term "prevailing party" as implicated by attorney fees in an exceptional case under 35 U.S.C. § 285. In *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018), the defendants secured dismissal of the plaintiff's claims for lack of standing in district court and sought to be declared the prevailing party. We explained that in identifying a prevailing party, we must consider whether the district court's decision "effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Id.*

at 1306 (quoting *CRST*, 136 S. Ct. at 1646, 1651). Although the dismissal in *Raniere* was not based on the substantive merit of the plaintiff's claim, we held that a merits decision was not required after *CRST*. Given that the defendants expended "significant time and resources," "prevented Raniere from achieving a material alteration of the relationship between them" with a "decision marked by judicial *imprimatur*," and "received all relief to which they were entitled," we held that the district court did not err in finding them to be prevailing parties. *Id.* at 1306–07 (citation omitted).

Here, unlike *Raniere*, Facebook obtained a dismissal for mootness, not for lack of standing. But that distinction does not warrant a different result. The PTO instituted review of the asserted claims and found them unpatentable. We affirmed the Board's decision, and the claims were cancelled. Facebook moved for judgment that the case be dismissed on the pleadings, and, citing *Fresenius*, the district court appropriately did so on the ground of mootness. As the district court held, Facebook obtained the outcome it sought via the mootness dismissal; it rebuffed B.E.'s attempt to alter the parties' legal relationship in an infringement suit. This is true even though the mootness decision was made possible by a winning a battle on the merits before the PTO.

B.E. maintains that mootness has no preclusive effect and could not alter the legal relationship between the parties. But that argument puts form over substance and conflicts with the common-sense approach outlined in *CRST*. *CRST* explains that a defendant, like Facebook, can prevail by "rebuffing" plaintiff's claim, irrespective of the reason for the court's decision. That language squarely controls here, and B.E. fails to point to any controlling authority suggesting otherwise. That the merits of the decision cancelling the claims occurred in the PTO rather than the district court does not change the fact that the district court dismissed the claims it had before it, albeit for mootness.

It thereby placed a judicial *imprimatur* upon B.E.'s claim for patent infringement.

CONCLUSION

We have considered the parties' remaining arguments but find them unpersuasive. Accordingly, for the reasons above, we affirm the district court's award of costs to Facebook under Fed. R. Civ. P. 54(d).

**AFFIRMED**

COSTS

Costs to Facebook.

# United States Court of Appeals
# for the Federal Circuit

---

**B.E. TECHNOLOGY, L.L.C.,**
*Plaintiff-Appellant*

**v.**

**FACEBOOK, INC.,**
*Defendant-Appellee*

---

2018-2356

---

Appeal from the United States District Court for the Western District of Tennessee in No. 2:12-cv-02769-JPM-tmp, Chief Judge Jon P. McCalla.

---

PLAGER, *Circuit Judge*, concurring.

I fully concur in and join the court's decision. That it is clearly correct can be seen had Facebook moved for, and been granted, not a "moot" dismissal, but a dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that, once the asserted patent claims had been determined to be invalid, the plaintiff failed to state a claim upon which relief can be granted. That leaves no doubt that Facebook prevailed in the infringement suit and avoids any litigation about litigation.