# United States Court of Appeals for the Federal Circuit

---

**O.F. MOSSBERG & SONS, INC.,**
*Plaintiff-Appellee*

**v.**

**TIMNEY TRIGGERS, LLC, TIMNEY MANUFACTURING, INC.,**
*Defendants-Appellants*

---

2019-1134

---

Appeal from the United States District Court for the District of Connecticut in No. 3:12-cv-00198-VAB, Judge Victor A. Bolden.

---

Decided: April 13, 2020

---

MARY MINTEL MILLER, Reid & Riege, P.C., Hartford, CT, argued for plaintiff-appellee. Also represented by DOMINIC FULCO, III.

BRETT L. FOSTER, Dorsey & Whitney LLP, Salt Lake City, UT, argued for defendants-appellants. Also represented by ELLIOT HALES, MARK A. MILLER, TAMARA KAPALOSKI.

---

2        O.F. MOSSBERG & SONS, INC. v. TIMNEY TRIGGERS, LLC

Before LOURIE, REYNA, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

This is an attorney's fees case involving a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Appellee O.F. Mossberg & Sons, Inc. sued appellants Timney Triggers, LLC and Timney Manufacturing, Inc. (collectively, Timney) for patent infringement. Timney pursued invalidation of Mossberg's patent through post-grant proceedings for over five years. The district court proceedings were stayed during this time. Timney ultimately succeeded; the United States Patent and Trademark Office invalidated Mossberg's patent for obviousness. Mossberg then voluntarily dismissed its suit under Rule 41(a)(1)(A)(i) and Timney applied for attorney's fees under 35 U.S.C. § 285. The district court denied Timney's motion because, without a court decision with the necessary judicial *imprimatur*, Timney was not a prevailing party. We agree and therefore affirm.[1]

I

Mossberg purchased the patent-in-suit, U.S. Patent No. 7,293,385, in September 2011. Soon after, Mossberg began licensing negotiations with Timney. When these discussions failed, Mossberg sued Timney for patent infringement in February 2012.

Instead of answering the complaint, Timney filed for *inter partes* reexamination of the '385 patent and a stay of the district court proceedings pending the outcome of the *inter partes* reexamination. The district court granted the stay. The Patent Office instituted the *inter partes*

---

[1]    Because we affirm the district court's decision that Timney is not a prevailing party, we need not reach Timney's arguments regarding the exceptional nature of the case.

reexamination as to claims 1–2, 5–6 and 8–10, and subsequently rejected those claims in December 2012. Mossberg responded by cancelling the rejected claims and adding new claims. But before the *inter partes* reexamination proceeded further, the Patent Office vacated its institution decision because Timney had not identified the real party in interest in its petition.

Mossberg subsequently moved to lift the stay. The district court maintained the stay. From June 2014 to December 2015, Timney filed three *ex parte* reexamination requests. In the third *ex parte* reexamination, the examiner rejected all pending claims over the cited prior art. The Patent Trial and Appeal Board affirmed the invalidity of all active claims of the '385 patent. Throughout these reexaminations, the district court maintained the stay despite several motions by Mossberg to lift it.

Mossberg then filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (providing for voluntary dismissal by the plaintiff without court order). The next day, the district court entered a docket text order stating that the case was dismissed without prejudice under Rule 41(a)(1)(A)(i).

Following dismissal, Timney filed a motion to declare the case exceptional so that it could pursue attorney's fees. 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). But § 285 only allows a prevailing party to collect attorney's fees. The district court denied the motion, reasoning that Timney was not a "prevailing party" because a "Rule 41 dismissal without prejudice is not a decision on the merits and thus cannot be a judicial declaration altering the legal relationship between the parties." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, No. 3:12-CV-00198, 2018 WL 4398249, at *6 (D. Conn. Sept. 14, 2018); J.A. 11.

Timney timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

"[O]ur review of the meaning of the term 'prevailing party' is de novo." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004), *abrogated on other grounds by Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018) (citing *Waner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003) (reviewing de novo whether the district court properly applied the 35 U.S.C. § 285 standard)).

Under § 285, a court may award reasonable attorney's fees to the prevailing party in an exceptional patent infringement case. 35 U.S.C. § 285; *see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553−54 (2014). The Supreme Court has said that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. This change must be marked by judicial *imprimatur*." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotation marks and citation omitted). In *CRST*, in the context of a claim for attorney's fees under Title VII, the Court held that a defendant may be "prevailing" for purposes of attorney's fees "even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* at 1651.

Applying *CRST*, we have held that "defendants need not prevail on the merits to be classified as a 'prevailing party.'" *Raniere*, 887 F.3d at 1306. Accordingly, the relevant inquiry "is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—'a judicially sanctioned change in the legal relationship of the parties'—effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Id.* (quoting *CRST*, 136 S. Ct. at 1646, 1651).

On appeal, Timney argues that the district court erred in its prevailing party analysis. According to Timney, by

staying[2] the district court proceedings over five years of post-grant proceedings at the Patent Office, the district court provided the necessary judicial *imprimatur*. Appellants' Br. 27 (arguing that the district court's stay "approved, authorized[,] or supported the [Patent Office] as an alternative forum to decide invalidity"). Timney contends that *CRST* altered the landscape of the prevailing party analysis by prioritizing substance over form, making clear that a decision on the merits is not necessary to qualify as a prevailing party. This is true. And we have applied this principle to subsequent cases decided on non-merits issues. In *Raniere*, 887 F.3d 1298, we held that the defendants were the prevailing party when the district court dismissed a plaintiff's claims for lack of standing. And in *B.E. Tech. L.L.C. v. Facebook, Inc.*, 940 F.3d 675 (Fed. Cir. 2019), we held that a dismissal for mootness imparts sufficient judicial *imprimatur* to satisfy the prevailing party inquiry.

But the issue here is not whether there was a final decision on the merits. It is whether there was a final decision at all. Neither *CRST*, nor *Raniere*, nor *B.E. Technology* went so far as to hold that one could become a prevailing party without a final court decision. *E.g., CRST,*

---

[2]    Though Timney's opening brief argued that the district court's "dismissal order" was judicial imprimatur, Appellant's Br. 23 ("The district court's dismissal order is a judicially sanctioned change in the legal relationship between the parties." (capitalization removed)), its reply brief makes clear that the district court's repeated stays are the determinative judicial actions. *See* Appellant's Reply Br. 3–5 ("Timney's position from the outset has been that the district court's stay of the case pending reexamination is the judicial action that led to the invalidation of the patent."). We therefore focus our analysis on those stays instead of the supposed "dismissal order" confirming Mossberg's voluntary Rule 41(a)(1)(A)(i) dismissal.

136 S. Ct. at 1651 (holding that a "defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason *for the court's decision*," and that a "defendant may prevail even if *the court's final judgment* rejects the plaintiff's claim for a nonmerits reason" (emphases added)).

In this case, there was no such final court decision. A properly filed Rule 41(a)(1)(A)(i) voluntary dismissal becomes effective immediately upon plaintiff's filing of the notice of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A) (for voluntary dismissals by the plaintiff "Without a Court Order," the plaintiff may "dismiss an action *without a court order*" (emphasis added)). Although the district court in this case entered a dismissal order after Timney filed its notice of voluntary dismissal, that dismissal order had no legal effect. That leaves only the stay, which cannot "change . . . the legal relationship of the parties," *Raniere*, 887 F.3d at 1306, because it remained in place while the parties determined the patent's validity in a separate venue—the Patent Office. And the stay did not change the legal relationship between the parties; the Board's invalidity decision and Mossberg's voluntary Rule 41(a)(1)(A)(i) dismissal did. A stay, standing alone, is simply not a final court decision capable of establishing the judicial *imprimatur* required for a litigant to emerge as the prevailing party under § 285.

## III

We have considered Timney's remaining arguments and find them unpersuasive. Because there is no final court decision here, Timney cannot be a prevailing party for purposes of attorney's fees under § 285. We therefore affirm the district court's decision that Timney is not a prevailing party.

**AFFIRMED**