NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GIESECKE & DEVRIENT GMBH,**
*Plaintiff-Appellee*

**v.**

**UNITED STATES, GEMALTO INC., IDEMIA IDENTITY & SECURITY USA, LLC,**
*Defendants*

**HID GLOBAL CORP.,**
*Nonparty-Appellant*

---

2022-2002

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01812-RTH, Judge Ryan T. Holte.

---

Decided:  June 26, 2024

---

NICHOLAS KENNEDY, Baker & McKenzie LLP, Dallas, TX, argued for plaintiff-appellee.  Also represented by JOHN G. FLAIM, MACKENZIE MARIE MARTIN; BART RANKIN, JAY F. UTLEY, Forrest Weldon Law Group, LLP, Dallas, TX.

LIONEL M. LAVENUE, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for nonparty-

appellant. Also represented by DAVID MROZ, Washington, DC.

_____

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

HID Global Corporation ("HID") appeals from the United States Court of Federal Claims' denial of attorney fees under 35 U.S.C. § 285. We affirm the decision of the Court of Federal Claims, but on a different ground. HID is not a prevailing party, and thus attorney fees are not appropriate under § 285. We do not separately address the Court of Federal Claims' determination that this case is exceptional or whether the Court of Federal Claims has jurisdiction to grant attorney fees under § 285.

## BACKGROUND

In November 2017, G&D filed suit against the United States asserting that the Government infringed U.S. Patent No. 7,837,119. The '119 patent, entitled "Contactless Data Carrier," is directed to a "contactless data carrier" which "ha[s] a microchip and an antenna connected to it and [is] adapted to exchange data with a suitable reading device." '119 patent, col. 1, ll. 10–13. Examples of preferred contactless data carriers include "readable identification documents, such as passports and identity cards." *Id.* at ll. 15–16.

HID provides the United States with two type of identity cards: Permanent Resident Cards, also known as Green Cards, and Global Entry Cards. In its original complaint, G&D accused the Government of infringing the '119 patent through the use and manufacture of contactless data carriers and devices, including HID's card-based products.

In April 2018, HID received notice of the lawsuit pursuant to Court of Federal Claims Rule 14(b) as an

interested party. HID joined the case and filed a motion to dismiss with prejudice. Following briefing on the motion to dismiss, G&D sought leave to amend its complaint to drop the claims against HID's card-based products. In December 2018, the Court of Federal Claims granted G&D leave to amend its complaint and denied as moot HID's motion to dismiss with prejudice because "dismissal of the withdrawn claims with prejudice [would be] . . . inappropriate given that no adjudication of these claims had occurred." J.A. 2986 (citing *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir 2004)). The Court of Federal Claims then voluntarily dismissed the withdrawn claims without prejudice.

In January 2019, HID moved for an award of attorney fees and costs under 35 U.S.C. § 285 or, in the alternative, the Court of Federal Claims' inherent authority. After bifurcating the issues of entitlement to and quantum of attorneys' fees, the Court of Federal Claims granted HID's motion for attorneys' fees pursuant to § 285. Judge Williams, the Judge originally assigned to the case, determined HID was a prevailing party and that the case was exceptional. Because Judge Williams found that HID was entitled to attorney fees under § 285, she did not address whether HID was entitled to attorney fees and costs under the Court of Federal Claims' inherent authority. The case was then transferred to Judge Holte.

Following transfer, the Court of Federal Claims ordered additional briefing as to "the jurisdictional aspect of attorneys' fees in the Court of Federal Claims under Section 285." J.A. 4. The Court held oral argument on the jurisdictional issue and concluded it "lacks jurisdiction to grant HID's motion for entitlement to attorneys' fees under § 285." J.A. 22.

HID appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).[1]

## DISCUSSION

Our court reviews a determination of a "prevailing party" under § 285 de novo. *See Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1361 (Fed. Cir. 2020).

Section 285 provides that the court may award reasonable attorney fees in exceptional cases to the prevailing party. *See* 35 U.S.C. § 285. As the Supreme Court has explained, "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (internal quotation marks and citation omitted); *see also Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) ("We hold *CRST* applies to our analysis of prevailing-party status under § 285, and that defendants need not prevail on the merits to be classified as a 'prevailing party.'"). As such, we have stated that "the relevant inquiry is not limited to whether a defendant prevailed on the merits, but also considers whether the [trial] court's decision—a judicially sanctioned change in the legal relationship of the parties—effects or rebuffs a plaintiff's attempt to effect a material alteration in the legal relationship between the parties." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020) (citing *Raniere*, 887 F.3d at 1306)

---

[1] At oral argument G&D raised for the first time that "HID's notice of appeal was untimely filed," and thus we lack jurisdiction to hear HID's appeal. Oral Arg. at 28:55–29:35, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-2002_03052024.mp3. The panel ordered supplemental briefing from each party. *Id.* at 34:45–35:01. We have reviewed the supplemental briefing and conclude that we have jurisdiction to hear HID's appeal.

(quotations omitted).  Consistent with this rule, we held in *O.F. Mossberg & Sons* that the defendants were not the prevailing party when a plaintiff voluntarily dismissed the case without prejudice under Rule 41(a)(1)(A)(i) following the defendants' successful post-grant proceedings. 955 F.3d at 991, 993; *see also RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) ("A plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i), however, does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action.").  And by contrast, in *Raniere*, we held a dismissal with prejudice made defendants a prevailing party.  887 F.3d at 1308.  There, we contrasted *with prejudice* against *without prejudice* and explained "with prejudice is an acceptable form of shorthand for an adjudication upon the merits," which "is the opposite of a dismissal without prejudice."  *Id.* (quotations and citations omitted) (emphasis removed); *see also Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008) (holding that the "dismissal without prejudice did not confer prevailing party status upon the defendant" under 20 U.S.C. § 1415).

Here, the Court of Federal Claims permitted G&D to withdraw its claims against HID then voluntarily dismissed those claims without prejudice.  G&D sought leave to file a second amended complaint to drop the claims against HID's accused products.  HID opposed and argued, *inter alia*, "'having the claims against the [accused] products dismissed without prejudice would leave' open the possibility of plaintiff bringing the [accused] products back into the case at a later date." J.A. 2–3. As such, HID asked the court to deny the motion to amend and dismiss any withdrawn claims with prejudice.  Still, the Court of Federal Claims granted G&D leave to file a second amended complaint and dismissed the withdrawn claims without prejudice.  In reaching this decision, the Court of Federal Claims noted, "dismissal of the withdrawn claims with

prejudice" would be inappropriate because "no adjudication of these claim had occurred." J.A. 3 (quoting J.A. 2986).

We hold that, under our precedent, HID cannot be a "prevailing party" because the Court of Federal Claims permitted G&D to withdraw the claims then dismissed them without prejudice and, thus, G&D may refile or reassert the withdrawn claims against HID. *See O.F. Mossberg & Sons*, 955 F.3d at 991, 993. Like *O.F. Mossberg & Sons* and *RFR*, this case "involve[s] voluntary rather than involuntary dismissal[s] without prejudice." *Oscar*, 541 F.3d at 981. But regardless of whether the dismissal is voluntary or involuntary, "the risk of re-filing underlying their reasoning applies in both procedural postures." *Id.* Indeed, the Court of Federal Claims' decision to dismiss without prejudice lacks "an adjudication on the merits," *Raniere*, 887 F.3d at 1308, and therefore is not the "judicially sanctioned change in the legal relationship of the parties" that "effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Id.* at 1306 (quoting *CRST*, 578 U.S. at 432).

Although HID emphasizes that G&D stipulated "not [to] seek discovery" on HID's accused products and confirmed it had no "intention of adding the [accused] products back into this lawsuit at any time," Appellant's Reply Br. 27 (citing J.A. 2180–82 (44:1–46:5)), these statements do not rise to a level of guarantee that G&D will not re-file or separately assert its withdrawn claims against HID. Moreover, these guarantees are undercut by G&D's later statement to the Court of Federal Claims indicating that it could not take a position on whether it would file a separate lawsuit:

> THE COURT: And do you have any intention of filing a separate lawsuit based upon the card-based products against the United States that could implicate HID?

> MR. RANKIN: Your Honor, as I stand here today, I'm not aware of any intention to do so. That's, frankly, something that I'm probably not at liberty to take a position on my client's behalf with respect to that. But I'm not aware of any plans to do so, if you will.

J.A. 2181–82 (45:21–46:5). Simply put, there is nothing stopping G&D from filing a new action against HID.

At bottom, the Court of Federal Claims' dismissal did not give HID "prevailing party" status because a dismissal without prejudice does not constitute a change in the legal relationship of the parties. G&D is free to refile its action against HID. Since HID is not a prevailing party, it is not entitled to attorney fees under § 285.

## CONCLUSION

We have considered Appellant's remaining arguments and find them unpersuasive. For the reasons above, we affirm the Court of Federal Claims' denial of attorney fees under 35 U.S.C. § 285.

**AFFIRMED**